Below is an Order of the Court.

*[signature: Trish M. Brown]*
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. **17-32181-pcm13** -tmb13
**Nick Lee Evans** )
**Kimberly Lorraine Evans** ) ORDER, DRAFTED ON: __03/07/18__,
) RE: RELIEF FROM (Check ALL that apply):
) ☒ DEBTOR STAY ☐ CODEBTOR STAY
) CREDITOR:_____**The Bank of New York Mellon*** _____
Debtor(s) ) CODEBTOR:_____

The undersigned, __**Michael S. Scott**__, whose address is __**920 SW 3rd Ave. 1st Floor Portland, OR 97204**__, Email address is __**mscott@mccarthyholthus.com**__, Phone No. is __**971-201-3200**__, and any OSB # is __**973947**__, presents this Order based upon:

☒ The completed Stipulation of the parties located at the end of this document.

☐ The oral stipulation of the parties at the hearing held on _____.

☐ The ruling of the court at the hearing held on _____.

☐ Creditor certifies any default notice required by pt. 5 of the Order re: Relief from Stay entered on _____ was served, and that debtor has failed to comply with the conditions of that order.

☐ Creditor certifies that no response was filed within the response period plus 3 days to the Motion for Relief from Stay that was filed on _____ and served on _____.

**IT IS ORDERED** that, except as provided in pt. 4 below, the stay existing pursuant to 11 USC §362(a) shall remain in effect as to the property described below (hereinafter "the property"):

☐ Personal property described as (e.g., 2001 Ford Taurus):

☒ Real property located at (i.e., street address):
**49700 SE Wildcat Mountain Dr, Sandy, OR 97055**

☐ [Optional UNLESS In Rem Relief Granted] Exhibit A attached hereto is the legal description of the property.

720.90 (12/1/10)  **Page 1 of 3**

**IT IS FURTHER ORDERED** that the stay is subject to the conditions marked below:

☒ 1. **Regular Payment Requirements**.

    ☒ a. Debtor(s) shall deliver regular monthly payments in the amount of $____**964.21**____ commencing __**04/01/18**__ to Creditor at the following address:
    **Bank of America, N.A., PO Box 660933, Dallas, TX  75266**

    ☐ b. The Chapter 13 trustee shall immediately pay and disburse to Creditor the amount of $_____ per month from funds paid to the trustee by Debtor(s), and continue each month until the plan is confirmed, at which time the plan payment terms shall control. Payments made by the trustee under this order shall be deemed to be payments under the plan for purposes of the trustee's collection of percentage fees.

    ☒ c. Debtor(s) shall pay to the trustee any and all payments required to be paid under the terms of the Chapter 13 plan.

☒ 2. **Cure Payment Requirements**. Debtor(s) shall cure the post-petition default of $____**9,294.68**____ consisting of
**8 monthly payments of $964.21 due for the months of 8/01/2017 to 3/01/2018, BK attorney fees and costs of $1,581.00.**

    (e.g., $_____ in payments and $_____ in late charges for April - June, 2002), as follows:

    ☐ a. In equal monthly installments of $_____ each, commencing _____ and continuing thereafter through and including _____.

    ☐ b. By paying the sum of $_____ on or before _____, and the sum of $_____ on or before _____.

    ☒ c. Other (describe):
    **Debtors have 120 days to apply/obtain a loan modification.**

☐ 3. **Insurance Requirement(s)**. Debtor shall maintain insurance on the property at all times as required by the security agreement, naming _____ as the loss payee.

    On or before _____ Debtor(s) shall provide counsel for Creditor with proof of insurance.

☒ 4. **Stay Relief and Codebtor Stay Relief without Cure Opportunity**.

    ☐ a. Upon default in the conditions in pt(s). _____ Creditor may file and serve a certificate of non-compliance specifying the default, together with a proposed order terminating the stay to allow Creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, which the Court may grant without further notice or hearing.

    ☐ b. The stay is terminated to allow Creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, provided that a foreclosure sale shall not occur prior to _____.

    ☒ c. Creditor is granted relief from stay effective __**07/05/18**__ to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

    ☐ d. Creditor is granted relief from stay to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

    ☐ e. If a Creditor with a senior lien on the property is granted relief from stay, Creditor may file and serve a certificate identifying the senior lien holder and a proposed order terminating the stay, which the Court may grant without further notice or hearing.

    ☐ f. Creditor is granted relief from stay to _____
_____.

    ☐ g. Creditor is granted "in rem" relief from stay with respect to the real property described above and in Exhibit A. This order shall be binding in any other case filed under 11 USC purporting to affect such real property filed not later than two (2) years after the date of the entry of this order unless the bankruptcy court in the subsequent case grants relief from this order. Any governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this order for indexing and recording.

☐ h. Creditor is granted relief from the codebtor stay, as it applies to the codebtor(s) named in the caption above, to enforce the terms of the contract and collect the deficiency balance.

☒ 5. **Stay Relief with Cure Opportunity**. Upon default in the checked condition(s) in pt(s). 1 - 3, Creditor shall serve written notice of default on ☒Debtor(s) and ☒Attorney for Debtor(s) that gives Debtor(s) **15** calendar days after the mailing of the notice to cure the default. If Debtor(s) fails to cure the default in accordance with this paragraph, then Creditor shall be entitled to submit a proposed order terminating the stay, which the Court may grant without further notice or hearing.

☒ a. The notice of default may require that Debtor(s) make any payment(s) that becomes due between the date the notice of default is mailed and before the cure deadline.

☒ b. The notice of default may require Debtor(s) to pay $**100.00** for the fees and costs of sending the notice.

☒ c. Only **2** notices of default and opportunity to cure are required per ☒ year (calculated from date of entry of this order), ☐during the remainder of this case, or ☐(describe):

☐ 6. **Amended Proof of Claim**. Creditor shall file an amended proof of claim to recover all accrued post-petition attorney fees and costs and (describe):

☒ 7. **Miscellaneous Provisions**.

☒ a. If Creditor is granted relief from stay, the 14-day stay provided by Fed. Rule Bankr. Proc. 4001(a) shall be waived.

☐ b. Any notice that Creditor's counsel shall give to Debtor(s)/Codebtor, or attorney for Debtor(s)/Codebtor, pursuant to this order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 USC §1692.

☐ 8. A final hearing on Creditor's motion for relief from stay shall be held on _____ at _____ in _____.

☒ 9. Other:
**In any order that creditor lodges in accordance with paragraph 5 above, creditor shall state the dates and amounts of missed payments and the date of creditor's notice of default required by that paragraph.**

**\*The Bank of New York Mellon fka The Bank of New York, as The Trustee for The Benefit of The Certificateholders of The CWHEQ Inc., Home Equity Loan Asset-Backed Certificates, Series 2006-S2**

**PRESENTED, AND CERTIFIED, BY:** ###

**/s/ Michael S. Scott**

IT IS SO STIPULATED:

Creditor's Attorney: Debtor(s)'s Attorney:

**/s/ Michael S. Scott** | **/s/ Stephen Gindling OSB# 012604 for:**
Name: **Michael S. Scott** | Name: **Todd Trierweiler**
OSB#: **973947** | OSB#: **012604**

NO OBJECTION TO ORDER BY CASE TRUSTEE: Codebtor's Attorney:

By: **/s/ Catherine Yarnes for Wayne Godare** _____
Name: _____
OSB#: _____

720.90 (12/1/10)   **Page 3 of 3**

Order No.:

## LEGAL DESCRIPTION

A tract of land situated in the Southeast one-quarter of the Northeast one-quarter and in the Northeast one-quarter of the Southeast one-quarter of Section 2, Township 3 South, Range 5 East, of the Willamette Meridian, in the County of Clackamas and State of Oregon, being more particularly described as follows:

Beginning at the East one-quarter corner of said Section 2; thence North 89°58'50" West a distance of 1314.51 feet to a point which bears South 0°35'33" West a distance of 84.30 feet from the Southwest corner of the Southeast one-quarter of the Northeast one-quarter of said Section 2, said point being the Southwest corner of that tract of land described as Parcel III in deed to Edwin T. Cornwell and Iris S. Cornwell recorded April 22, 1975 as Fee No. 75-9846, Clackamas County Deed Records; thence 0°35'33" East a distance of 84.30 feet to the Southwest corner of the Southeast one-quarter of the Northeast one-quarter of said Section 2; thence continuing North 0°35'33" East along the West line of said legal subdivision a distance of 80.70 feet; thence South 29°58'50" East a distance of 1314.71 feet to a point in the East line of said Section 2; thence South 0°39'31" West along said East line a distance of 165.00 feet to the point of beginning.

