UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. **17-32181-tmb13**
**Evans, Nick Lee and Kimberly Lorraine** )
) NOTICE OF HEARING ON MOTION
) FOR RELIEF FROM **DEBTOR'S**
) AUTOMATIC STAY IN A **CHAPTER**
) **7/13** CASE, AND/OR **CODEBTOR'S**
Debtor(s) ) STAY IN A **CHAPTER 13** CASE

The attached Response, filed for the respondent, **Nick Lee and Kimberly Lorraine Evans**, who is the (debtor, trustee, etc.) **debtor**, is in response to the Motion for Relief from Stay filed on behalf of (moving party) **U.S. Bank Trust National Association**.

The name and service address of the respondent's attorney (or respondent, if no attorney) are: **Todd Trierweiler & Associates, 4721 NE 102nd Ave., Portland, OR 97220**.

(If debtor is respondent) The debtor's address and Taxpayer ID#(s) (last 4 digits) are: **49700 SE Wildcat Mountain Drive Sandy, OR 97055 (2078) (2975)**.

**NOTICE IS GIVEN THAT**:

A **Telephone Hearing** on the Motion, at which no testimony will be taken, will be held as follows:

**Date**: **09/24/19**
**Time**: **1:30 pm**

**Call In Number:** (888) 684-8852
**Access Code:** 3702597

[Note: If you have problems connecting, call the court at (503) 326-1500 or (541) 431-4000.]

**TELEPHONE HEARING REQUIREMENTS**

1. You must call in and connect to the telephone hearing line or personally appear in the judge's courtroom no later than your scheduled hearing time. The court will not call you.

2. You may be asked to call again from another phone if your connection is weak or creates static or disruptive noise.

3. Please mute your phone when you are not speaking. If you do not have a mute function on your phone, press *6 to mute and *6 again to unmute if you need to speak. Do not put the court on hold if it will result in music or other noise. If available, set the phone to "Do Not Disturb" so it will not ring during the hearing.

4. When it is time for you to speak, take your phone off the "speaker" option or headset to minimize background noise and improve sound quality. Position the telephone to minimize paper rustling. Do not use a keyboard or talk with others in the room. Be aware that telephone hearings may be amplified throughout the courtroom.

5. Do not announce your presence until the court calls your case. Simply stay on the line, even if there is only silence, until the judge starts the hearings, and then continue to listen quietly until your case is called.

6. Whenever speaking, first identify yourself.

7. Be on time. The judge may handle late calls the same as a late appearance in the courtroom.

**/s/Todd Trierweiler**
Signature

I certify that: (1) the response was prepared using a copy of the ORIGINAL Motion; (2) if the Response was electronically filed, the response was prepared using the "FILLABLE" PDF version of the Motion unless the Motion was filed on paper and it could not be otherwise electronically obtained from the movant; and (3) that on 9/17/19 copies of this Notice and the Response were served on the moving party's attorney (or moving party, if no attorney) at the address shown in the Notice of Motion.

**/s/Todd Trierweiler  Attorney for Debtors**
721 (6/1/13) Signature & Relation to Respondent

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No.     **17-32181-tmb13**
**Nick Lee Evans and Kimberly Lorraine** )
**Evans** )
) **Notice of Motion for Relief**
) **From (Check All That Apply):**
) ☒ **Automatic Stay in a Chapter 7/13 Case**
) ☐ **Chapter 13 Codebtor Stay**
Debtor(s) )

1. **YOU ARE NOTIFIED** that a motion was filed by **U.S. Bank Trust National Association, as Trustee** , the
    of The Lodge Series III Trust
    moving party, for (Check all that apply):

    ☒ Relief from the automatic stay protecting the debtor(s) and debtor's property, as provided by 11 U.S.C.
    § 362.

    ☐ Relief from the stay protecting the codebtor and codebtor's property as provided by 11 U.S.C. § 1301.
    ☐ Codebtor's name and service address are: _____
    _____.

2. A copy of the motion is attached. The name and service address of the moving party's attorney (or moving
    party, if no attorney) are: **Jeffrey A. Myers, ZBS Law, LLP**
    **121 SW Salmon Street, Portland, OR 97204**                                                                  .

3. If you wish to resist the motion, you must, within 14 days of the service date shown below, file the following
    with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E. 8th Ave. #2600, Eugene OR 97401:

    a. A written response that states the facts supporting the opposition to the motion by filling in the
       applicable "response" portions on a copy of the original motion. If the response will be electronically
       filed, the response must be prepared using the fillable pdf version of the original motion unless the
       motion was filed on paper and could not be electronically obtained from the movant; and

    b. A fully completed notice of hearing using Local Bankruptcy Form (LBF) 721, including the date and
       time of the hearing. Available hearing dates and times are posted at https://www.orb.uscourts.gov
       under the "Hearings" heading. If you do not have internet access, please call the court at (503) 326-
       1500 or (541) 431-4000 and press "0" to obtain the required forms and hearing information.

4. **Failure to Object or Serve Proper Notice of Hearing**. If you fail to file a timely response and notice of
    hearing, then the automatic stay may expire as to the debtor(s) pursuant to 11 U.S.C. § 362(e) and the stay
    protecting the codebtor may expire pursuant to 11 U.S.C. § 1301(d), or the court may sign an order
    without further notice, submitted by the moving party on LBF 720.90, granting relief from the debtor stay
    and/or codebtor stay.

I certify that:

(1)  The motion was prepared using the fillable PDF version of LBF 720.80; and

(2)  On   **09/03/2019**   this notice and the motion were served on the debtor(s), any codebtor at the address listed above, the trustee, the U.S. Trustee, members of any committee elected pursuant to 11 U.S.C. § 705, and their respective attorneys.

                    **/s/ Jeffrey A. Myers**               **094561**
            Signature of Moving Party or Attorney     (OSB#)

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | |
| 3 | **Nick Lee Evans** — United States Trustee |
| 4 | Kimberly Lorraine Evans — Office of the U.S. Trustee |
| 5 | 49700 Southeast Wildcat Mountain Drive — 620 SW Main St #213 |
| 6 | Sandy, OR 97055 — Portland, OR 97205 |

# SERVICE LIST

**Nick Lee Evans**
Kimberly Lorraine Evans
49700 Southeast Wildcat Mountain Drive
Sandy, OR 97055

United States Trustee
Office of the U.S. Trustee
620 SW Main St #213
Portland, OR 97205

**Wayne Godare**
222 SW Columbia St #1700
Portland, OR 97201

**Todd Trierweiler**
4721 NE 102nd Ave
Portland, OR 97220

**Bank of America**
POB 31785
Tampa, FL 33631-3785

**Oregon Department of Revenue**
Bankruptcy Unit
955 Center Street NE #353
Salem, OR 97301-2555

**Capital One Bank (USA) NA**
4851 Cox Road
Glen Allen, VA 23060

1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. **17-32181-tmb13**
**Nick Lee Evans and Kimberly Lorraine Evans** )
) (*Check all applicable boxes*)
) ☒ **Ch. 7/13 Motion for Relief from**
) ☒ **Debtor** ☐ Chapter 13 Codebtor Stay
) Filed by Creditor:
) **U.S. Bank Trust National Association, ***
) *Response to Stay Motion filed by Respondent:*
Debtor(s) ) ☒ **Nick L. & Kimberly L. Evans**
*As Trustee Of The Lodge Series III Trust*

1. **Debt, Default, Other Encumbrances, Description and Value of Collateral** *(To be completed by creditor)*

    a. Description of collateral (car model, year, VIN, property address):
       **The real property located at 49700 SOUTHEAST WILDCAT MOUNTAIN DRIVE, SANDY, OR 97055 as described in the deed of trust, a copy of which is attached hereto**

    b. Amount of debt: $ **407,162.58** consisting of principal: $ **258,905.22** ; interest: $ **73,007.81** ; other:
       **Breakdown of amount of debt is attached as Exhibit 5. The amount of debt is good through 9/6/2019. This amount amount of debt does not include attorney's fees and costs for filing of this Motion.**

    c. Description, amount and priority of other encumbrances on collateral. If not known, include applicable information from debtor's schedules if available on PACER:
       **Bank of America (2nd TD) - $96,037.00**
       **Capital One Bank (USA) NA, (Judgment Lien)- $23,500**
       **Oregon Department of Revenue (Statutory Lien)- $3,179.00**
       Total debt secured by collateral (total 1.b. + 1.c.): $ **529,878.58** .

    d. Value of collateral: $ **493,000.00** .
       Equity in collateral: $ **-53,278.58** , after deducting $ **16,400.00** liquidation costs.

    e. Current monthly payment: $ **1,637.10** . *Represents the current payment which is due on 12/01/2017.*

    f. If Chapter 13:

        (1) $ **36,496.28** postpetition default consisting of (e.g., $ **36,106.20** payments, $ **480.08** late charges, $_____ fees):
            **Regular Payments from 12/01/2017 to 9/01/2019 at $1,637.10 each. 22 X $1,637.10 = $36,016.20**

        (2) $_____ prepetition default consisting of ☒ amounts specified in proof of claim, or,
            ☐ consisting of:

    g. If Chapter 7, total amount of default $_____.

720.80 (12/1/2018) Page 1 of 5

Case 17-32181-tmb13    Doc 44    Filed 09/13/19

***RESPONSE*** *(Identify specific items disputed and specify what you contend are the pertinent facts including why there is a postpetition default, if applicable) (to be completed by respondent):*
**Debtors allege that the value of their house is approximately $600,000 now, which means that there is an equity cushion for Creditor's lien. Debtors acknowledge the missed payments. They have already made their September payment, and will remain current on payments going forward. Debtors wish to cure the arrears via the sale or refinance of their house before the end of the case. They expect to file an Amended Plan to include sale/refinance language within the next 30 days. Debtors request that relief be denied to allow time to file an Amended Plan.**

2. **Relief from stay should be granted because (check all that apply):** *(To be completed by creditor)*
   - [X] Lack of adequate protection because of failure to make sufficient adequate protection payments and lack of a sufficient equity cushion.
   - [ ] Lack of insurance on collateral.
   - [X] No equity in the collateral and the property is not necessary for an effective reorganization.
   - [ ] Failure of debtor to make Chapter 13 plan payments to the trustee.
   - [X] Failure of debtor to make direct payments to secured creditor required by Chapter 13 plan.
   - [ ] Other (describe):

***RESPONSE*** *(Specify why relief from stay should be denied. If respondent proposes to cure a postpetition default, detail the cure by attaching a proposed order using Local Form (LBF) 720.90 available at* https://www.orb.uscourts.gov *under Forms/Local Forms) (to be completed by respondent):*
**None**

3. **Background** *(To be completed by creditor)*

   a. Date petition filed: **06/09/2017**  Current Chapter: **13** (7 or 13)
      If 13, current plan date **08/10/2017** Confirmed: [X] Yes [ ] No
      If 13, treatment of creditor's prepetition claim(s) in plan:
      **Repay**

      If 7, debtor [ ] has [ ] has not stated on Local Form (LBF) 521 or 521.05 that debtor intends to surrender the collateral.

   b. Creditor has a lien on the collateral by virtue of (check all applicable sections and also see paragraph 6 below):
      [X] Security agreement, trust deed or land sale contract dated **03/12/2003**, and, if applicable, an assignment of said interest to creditor. The security interest was perfected as required by applicable law on **03/17/2003**.

☐ Retail installment contract dated _____, and, if applicable, an assignment of said interest to creditor. The security interest was perfected on the certificate of title on _____.
☐ Other (describe):

**RESPONSE** *(Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*
None

4. **Request for Relief from Codebtor Stay** (*Chapter 13 only*)
   a. _____, whose address is _____
   _____, is a codebtor on the obligation described above, but is not a debtor in this bankruptcy.

   b. Creditor should be granted relief from the codebtor stay because (check all applicable boxes):
   ☐ codebtor received the consideration for the claim held by creditor, ☐ debtor's plan does not propose to pay creditor's claim in full, ☐ creditor's interest would be irreparably harmed by continuation of the codebtor stay as a result of the default(s) described above and/or ☐ because:

**RESPONSE** *(Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*
None

5. **Other Pertinent Information** (To be completed by creditor, if applicable):
**In the event that the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Creditor.**

**Creditor, directly or through an agent, has possession of the Note. The Note is either made payable to Creditor or has been duly endorsed.**

**RESPONSE** *(Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*
None

6. **Relief Requested (check all applicable sections):** *(To be completed by creditor)*

   ☒ Creditor requests relief from the automatic stay to allow it to foreclose its lien on the above identified collateral, and, if necessary, to take appropriate action to obtain possession of the collateral.

   ☐ Creditor has a security interest in real property and requests relief from stay with respect to an act against such property and that the relief be binding in any other bankruptcy case purporting to affect such real property filed not later than 2 years after the date of the entry of an order granting this motion. (*If you check this box, you must complete paragraph 5 above to support this request. If you do not do so, the Court will not grant relief binding in any other bankruptcy case.*)

   ☒ Creditor requests that the 14-day stay provided by FRBP 4001(a)(3) be waived based on the following cause:
   **Debtor's failure to make their post-petition payments to Movant**

   ☒ Other (describe and explain cause):
   **Creditor further requests that upon entry of the order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case.**

   **RESPONSE** *(Identify any disputed items and specify the pertinent facts. If respondent agrees to some relief, attach a proposed order using Local Bankruptcy Form (LBF) 720.90 available at https://www.orb.uscourts.gov under Forms/Local Forms) (to be completed by respondent):*
   **None**

7. **Documents:**

   **If creditor claims to be secured in paragraph 3.b. above** creditor has attached to and filed with this motion a copy of the documents creating and perfecting the security interest, if not previously attached to a proof of claim.

   **If this case is a Chapter 13 case and the collateral as to which creditor seeks stay relief is real property**, creditor has attached to and filed with this motion a postpetition payment history current to a date not more than 30 days before this motion is filed, showing for each payment the amount due, the date the payment was received, the amount of the payment, and how creditor applied the payment.

**RESPONDENT requests creditor provide** Respondent with the following document(s), if any marked, which are pertinent to this response:

☐ Postpetition payment history if not required above.
☐ Documents establishing that creditor owns the debt described in paragraph 1 or is otherwise a proper party to bring this motion.
☐ Other document(s) (specific description):

Creditor/Attorney

Signature: **/s/ Jeffrey A. Myers**
Name: **Jeffrey A. Myers**
Address: **121 SW Salmon Street**
**Portland, OR 97204**
Email Address: **jmyers@zbslaw.com**
Phone No: **503-946-6558 ext. 801**
OSB#: **094561**

Respondent Debtor/Attorney *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature: **/s/Stephen Gindling**
Name: **Stephen Gindling**
Address: **4721 NE 102nd Ave.**
**Portland, OR 97220**
Email Address: **chapter13@bankruptcylawctr.com**
Phone No: **503-253-7777**
OSB#: **012604**

Respondent Codebtor/Attorney *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature:
Name:
Address:

Email Address:
Phone No:
OSB#:

*You are hereby notified that the creditor is attempting to collect a debt and any information obtained will be used for that purpose.*

720.80 (12/1/2018)        Page 5 of 5