UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re

**Nick Lee Evans
and
Kimberly Lorraine Evans,**

Debtor(s)

Case No. **17-32181-pcm13**

☐ Amended

**NOTICE OF HEARING ON MOTION FOR RELIEF FROM DEBTOR'S AUTOMATIC STAY IN A CHAPTER 7/13 CASE, AND/OR CODEBTOR'S STAY IN A CHAPTER 13 CASE**

The attached objection, filed by completing the "objection" portions of the original motion, filed for the respondents, **Nick and Kimberly Evans**, who are the (for example, debtor, codebtor, or trustee) **debtors**, is in response to the motion for relief from stay filed on behalf of movant **U.S. Bank Trust National Association**.

The name and service address of the respondent's attorney (or respondent, if no attorney) are: **Amber L. Labrecque, ZBS Law, LLP, 5 Centerpointe Dr., Suite 400, Lake Oswego, OR 97035**.

(If debtor is respondent) The debtor's address and Taxpayer ID#(s) (last 4 digits) are:
**49700 SE Wildcat Mountain Drive, Sandy, OR 97055
2078; 2975**.

**NOTICE IS GIVEN that:**

A **Telephone Hearing** on the motion, at which no testimony will be taken, will be held as follows:

    **Date**: **03/08/2022**
    **Time:** **1:30 PM**
    **Call In Number:** (888) 684-8852
    **Access Code:** 3702597

(Note: If you have problems connecting, call the court at (503) 326-1500 or (541) 431-4000.)

**TELEPHONE HEARING REQUIREMENTS**

1. You must call in and connect to the telephone hearing line or personally appear in the judge's courtroom no later than your scheduled hearing time. The court will not call you.

2. You may be asked to call again from another phone if your connection is weak or creates static or disruptive noise.

3. Please mute your phone when you are not speaking. If you do not have a mute function on your phone, press *6 to mute and *6 again to unmute if you need to speak. Do not put the court on hold if it will result in music or other noise. If available, set the phone to "Do Not Disturb" so it will not ring during the hearing.

4. When it is time for you to speak, take your phone off the "speaker" option or headset to minimize background noise and improve sound quality. Position the telephone to minimize paper rustling. Do not use a keyboard or talk with others in the room. Be aware that telephone hearings may be amplified throughout the courtroom.

5. Do not announce your presence until the court calls your case. Simply stay on the line, even if there is only silence, until the judge starts the hearings, and then continue to listen quietly until your case is called.

6. Whenever speaking, first identify yourself.

7. Be on time. The judge may handle late calls the same as a late appearance in the courtroom.

**/s/ Megan Rickert (136404)**
**for Todd Trierweiler, OSB 85348**
Signature

I certify that: (1) the objection was prepared on a copy of the original motion; (2) if the objection was electronically filed, it was prepared using the fillable PDF version of the motion unless the motion was filed on paper and could not be otherwise electronically obtained from the movant; and (3) that on **02/28/2022** this notice and the objection were served on the movant's attorney (or movant, if no attorney) at the address shown in the notice of motion.

**/s/ Megan Rickert (136404)**
**for Todd Trierweiler, OSB 85348**
Signature
**Attorney for Debtors**
Relation to Respondent

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. **17-32181-pcm13**
**Nick Lee Evans and Kimberly Lorraine** )
**Evans** )
) **Notice of Motion for Relief**
) **From (Check All That Apply):**
) ☒ Automatic Stay in a Chapter 7/13 Case
) ☐ Chapter 13 Codebtor Stay
Debtor(s) )

1. **YOU ARE NOTIFIED** that a motion was filed by **U.S. Bank Trust National Association, as Trustee\***, the moving party, for (Check all that apply): \*of the Chalet Series III Trust

   ☒ Relief from the automatic stay protecting the debtor(s) and debtor's property, as provided by 11 U.S.C. § 362.

   ☐ Relief from the stay protecting the codebtor and codebtor's property as provided by 11 U.S.C. § 1301.

   ☐ Codebtor's name and service address are: _____
   _____.

2. A copy of the motion is attached. The name and service address of the moving party's attorney (or moving party, if no attorney) are: **Amber L. Labrecque, ZBS Law, LLP**
   **5 Centerpointe Dr., Suite 400 Lake Oswego, OR 97035**.

3. If you wish to resist the motion, you must, within 14 days of the service date shown below, file the following with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E. 8th Ave. #2600, Eugene OR 97401:

   a. A written response that states the facts supporting the opposition to the motion by filling in the applicable "response" portions on a copy of the original motion. If the response will be electronically filed, the response must be prepared using the fillable pdf version of the original motion unless the motion was filed on paper and could not be electronically obtained from the movant; and

   b. A fully completed notice of hearing using Local Bankruptcy Form (LBF) 721, including the date and time of the hearing. Available hearing dates and times are posted at https://www.orb.uscourts.gov under the "Hearings" heading. If you do not have internet access, please call the court at (503) 326-1500 or (541) 431-4000 and press "0" to obtain the required forms and hearing information.

4. **Failure to Object or Serve Proper Notice of Hearing**. If you fail to file a timely response and notice of hearing, then the automatic stay may expire as to the debtor(s) pursuant to 11 U.S.C. § 362(e) and the stay protecting the codebtor may expire pursuant to 11 U.S.C. § 1301(d), or the court may sign an order without further notice, submitted by the moving party on LBF 720.90, granting relief from the debtor stay and/or codebtor stay.

720 (12/1/2018) Page 1 of 2

I certify that:

(1) The motion was prepared using the fillable PDF version of LBF 720.80; and

(2) On  **02/16/2022**  this notice and the motion were served on the debtor(s), any codebtor at the address listed above, the trustee, the U.S. Trustee, members of any committee elected pursuant to 11 U.S.C. § 705, and their respective attorneys.

| | |
|---|---|
| **/s/ Amber L. Labrecque** | **094593** |
| Signature of Moving Party or Attorney | (OSB#) |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

|  |  |
|---|---|
| In re<br>**Nick Lee Evans and Kimberly Lorraine Evans**<br><br><br>Debtor(s) | Case No. **17-32181-pcm13**<br>☐ Amended<br><br>**[*Check all applicable boxes*]**<br>**CHAPTER 7/13 MOTION FOR RELIEF FROM**<br>☒ Debtor ☐ Chapter 13 Codebtor Stay<br>**Filed by Movant:**<br>**U.S. Bank Trust National Association,***<br>**Objection to Stay Motion filed by Respondent:**<br>**Nick & Kimberly Evans**<br>*as Trustee of the Chalet Series III Trust |

*Instructions to movant: You must file this motion with a notice of motion on Local Bankruptcy Form (LBF) 720. See LBF 720.50, Procedures re: Motions for Relief from Stay, for more information.*

1. **Debt, Default, Other Encumbrances, Description and Value of Collateral** [*To be completed by movant*]

    a. Description of collateral [*e.g., car model, year, and VIN, or property address*]:
       **49700 Southeast Wildcat Mountain Drive, Sandy OR 97055**
       **(2003-032175; Clackamas County, Oregon)**

    b. Amount of debt: $ **406,463.76** , consisting of principal of $ **252,934.94** , interest of $ **72,395.30** , and other:
       **Other $47,237.47; Funds Owed by Borrower $34,045.60; Funds Owed to Borrower $149.55; An exact payoff figure can be obtained upon request.**

    c. Description, amount, and priority of other encumbrances on collateral. If not known, include applicable information from debtor's schedules if available on PACER:
       **Bank of America              $96,037.00**
       **Capital One Bank (USA) NA    $23,500.00**
       **Oregon Department of Revenue $3,179.00**
       Total debt secured by collateral [*1.b. + 1.c.*]: $ **529,179.76** .

    d. Value of collateral: $ **493,000.00** .
       Equity in collateral: $ **-75,619.76** , after deducting $ **39,440.00** of liquidation costs.

    e. Current monthly payment: $ **1,791.61** .

    f. If Chapter 13:

       (1) $ **1,238.00** postpetition default consisting of [*e.g., $ _____ payments, $ _____ late charges, $ _____ fees*]:
       **Attorney Fees and Costs relating to the instant Motion - $1,238.00**

(2) $ **131,037.15** prepetition default consisting of ☒ amounts specified in proof of claim, or, ☐ consisting of:

g. If Chapter 7, total amount of default: $_____.

**OBJECTION** [*Identify specific items disputed and specify what you contend are the pertinent facts, including why there is a postpetition default, if applicable; to be completed by respondent*]:
   **None**

2. **Relief from Stay Should be Granted Because:** [*Check all that apply; to be completed by movant*]:
   ☐ Lack of insurance on collateral.
   ☐ No equity in the collateral and the property is not necessary for an effective reorganization.
   ☐ Failure of debtor to make Chapter 13 plan payments to the trustee.
   ☐ Failure of debtor to make direct payments required by Chapter 13 plan.
   ☒ Other [*describe*]:
   **Debtor has failed to sell/refinance the property by January 31, 2022.**

**OBJECTION** [*Specify why relief from stay should be denied. If respondent proposes to cure a postpetition default, detail the cure by attaching a proposed order using LBF 720.90 available at https://www.orb.uscourts.gov under Forms/Local Forms; to be completed by respondent*]:
   **The real property is Debtors' residence and is, therefore, necessary to their effective reorganization. A substantial equity cushion exists. Debtors have been unable to obtain refinancing due to the history of delinquency in post-filing mortgage and Plan payments. These delinquencies were caused by decreased income and increased expenses during the COVID-19 pandemic. Debtors are filing an Amended Plan, which proposes to extend the deadline to sell/refi.**

3. **Background** [*To be completed by movant*)

   a. Date petition filed: **6/9/2017**   Current Chapter: **13**   (7 or 13)
   If 13, current plan date **11/05/2019**   Confirmed: ☒ Yes ☐ No
   If 13, treatment of movant's prepetition claim(s) in plan:
   **Pre-petition default cured through the plan; post-petition payments to be directly to Movant.**

   If 7, debtor ☐ has ☐ has not stated on LBF 521.05 or OF B108 that debtor intends to surrender the collateral.

   b. Movant has a lien on the collateral by virtue of [*check all applicable sections, see also paragraph 6 below*]:

**720.80 (12/1/2021)**                          Page 2 of 5

☒ Security agreement, trust deed, or land sale contract dated **03/12/2003** and any assignment of that interest to movant. The security interest was perfected as required by applicable law on **03/17/2003**.

☐ Retail installment contract dated _____ and any assignment of that interest to movant. The security interest was perfected on the certificate of title on _____.

☐ Other [*describe*]:

**OBJECTION** [*Identify any disputed items and specify the pertinent facts; to be completed by respondent*]:
**None**

4. **Request for Relief from Codebtor Stay** [*Chapter 13 only*]
   a. _____, whose address is _____, is a codebtor on the obligation described above, but is not a debtor in this bankruptcy.

   b. Movant should be granted relief from the codebtor stay because [*check all that apply*]:
   ☐ codebtor received the consideration for the claim held by movant ☐ debtor's plan does not propose to pay movant's claim in full ☐ movant's interest would be irreparably harmed by continuation of the codebtor stay as a result of the default(s) described above ☐ because:

*OBJECTION* [*Identify any disputed items and specify the pertinent facts; to be completed by respondent*]:
**None**

5. **Other Pertinent Information** [*To be completed by movant, if applicable*]:
   **In the event that the automatic stay in this case is modified, this case dismisses, and/or the Debtors obtain a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed.**

*OBJECTION* [*Identify any disputed items and specify the pertinent facts; to be completed by respondent*]:

**None**

6. **Relief Requested** [*Check all applicable sections*; *to be completed by movant*]:

   [X] Movant requests relief from the automatic stay to allow it to foreclose its lien on the collateral and to take any necessary action to obtain possession of the collateral.

   [ ] Movant has a security interest in real property and requests relief from stay of an act against the collateral and that the relief be binding in any other bankruptcy case purporting to affect the collateral filed not later than 2 years after the date of the entry of an order granting this motion. [*If you check this box, you must complete paragraph 5 above to support this request. If you do not do so, the Court will not grant relief binding in any other bankruptcy case*.]

   [X] Movant requests that the 14-day stay provided by FRBP 4001(a)(3) be waived based on the following cause:
   **For Debtors' failure sell/refinance the property by January 31, 2022.**

   [X] Other [*describe and explain cause*]:
   **Movant requests relief from the automatic stay to potentially pursue a short sale or a deed in lieu of foreclosure as alternatives to foreclosure. Movant further requests that upon entry of the order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case.**

   **OBJECTION** [*Identify any disputed items and specify the pertinent facts. If respondent agrees to some relief, attach a proposed order using LBF 720.90 available at https://www.orb.uscourts.gov under Forms/Local Forms; to be completed by respondent*]:
   **Debtor requests that the motion be denied for the reasons stated above. If debtors are able to stay current on their mortgage and Plan payments for the next 12 months, they should be able to refinance and pay all creditors in full with the proceeds.**

7. **Documents**:

   **If movant claims to be secured in paragraph 3.b. above,** movant has attached to and filed with this motion a copy of the documents creating and perfecting the security interest, if not previously attached to a proof of claim.

   **If this case is a chapter 13 case and the collateral is real property**, movant has attached to and filed with this motion a postpetition payment history current to a date not more than 30 days before this motion is filed, showing for each payment the amount due, the date the payment was received, the amount of the payment, and how movant applied the payment.

   **RESPONDENT requests movant provide** respondent with the following document(s), if any are marked below, which are pertinent to this objection:

☐ Postpetition payment history, if not required above.

☐ Documents establishing that movant owns the debt described in paragraph 1 or is otherwise a proper party to bring this motion.

☐ Other document(s) [*describe*]:

| Movant/Attorney | Respondent /Attorney |
|---|---|
| | *(By signing, the respondent also certifies that the respondent has not altered the information completed by movant.)* |
| Signature: **/s/ Amber L. Labrecque** | Signature: **/s/ Megan Rickert (136404) for Todd Trierweiler** |
| Name: **Amber L. Labrecque, Esq.** | Name: **Todd Trierweiler** |
| Address: **5 Centerpointe Dr., Suite 400** | Address: **4721 NE 102nd Avenue** |
| **Lake Oswego, OR 97035** | **Portland, OR 97220** |
| Email: **bankruptcy@zbslaw.com** | Email: **chapter13@bankruptcylawctr.com** |
| Phone #: **(503) 946-6558** | Phone #: **503-253-7777** |
| OSB#: **094593** | OSB#: **85348** |

*You are hereby notified that the creditor is attempting to collect a debt and any information obtained will be used for that purpose.*

**720.80 (12/1/2021)**  Page 5 of 5