UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re

**Nick Lee Evans
and
Kimberly Lorraine Evans,**

Debtor(s)

Case No. __17-32181-pcm13__
☐ Amended

**NOTICE OF POSTCONFIRMATION
AMENDMENT OF PLAN**

The proponent, **Nick & Kimberly Evans**, who is **the debtors**
[*state role in case; if creditor, also state type of claim and any business name*] and whose
address is **49700 SE Wildcat Mountain Drive, Sandy, OR 97055**
certifies by and through the undersigned that:

1. An amended plan dated __02/24/2022__ was attached to this notice and filed with the clerk.

2. The confirmed plan (Docket # __48__) remains in full force and effect unless the amended plan becomes the plan.

3. The trustee's name and address are:

   Wayne Godare
   222 SW Columbia St #1700
   Portland, OR 97201

4. [*If proponent is the debtor, check one of the following two options*]:

   ☐ Attached, and verified as true and correct, are updated versions of Schedules A/B including present amount of any secured debt on property, Schedules I and J, and a copy of the latest real property tax assessment statement.

   ☒ The trustee has waived the requirement of updated Schedules A/B, ~~I and J~~, and a copy of the latest real property tax assessment. Debtor will provide those documents promptly upon request by any interested party or the court.

   Amended I & J Schedules are attached

5. Prior to filing this plan with the clerk, a separate summary of the amendments, the plan, all schedules and statements required by paragraph 4 above, and any other pertinent information were served on the trustee who: (a) approved the plan, either affirmatively or by failure to notify proponent of an objection within 14 days of the date the plan was served, or (b) requested amendments which were unacceptable to the proponent.

1355.10 (12/1/2021)                Page 1 of 2

6. I certify that, on __03/01/2022__, this notice and the amended plan described above were served on the debtor(s), any debtor's attorney, the trustee, the U.S. trustee, and all creditors (or if FRBP 2002(h) applies, only on each entity that is listed in FRBP 2002(h)). A list of the names, addresses, and methods for service on all parties served using paper is attached. The notice served on creditors did not include the attachment, but any creditor may obtain a copy of the attachment upon request.

| | |
|---|---|
| **03/01/2022** | **/s/ Megan Rickert (136404) for Todd Trierweiler** |
| Date | Signature |

**Attorney for Debtors, 503-253-7777, 85348**
Relation to Proponent, Phone #, and OSB# (if any)

**2078; 2975**
Last 4 Digits of Debtor's Tax ID#(s) [*If proponent is the debtor*]

**NOTICE IS GIVEN THAT** the amended plan described above will become the plan pursuant to 11 U.S.C. § 1329(b) (if a chapter 13 case) or 11 U.S.C. § 1229(b) (if a chapter 12 case) unless, within 21 days of the service date in paragraph 6 above, the trustee or other interested party:

(1) files a written objection, setting forth the specific grounds for the objection, with the clerk at 1050 S.W. 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401; and

(2) serves the objection on the proponent and the trustee named in paragraph 3 above.

The terms of the previously entered confirmation order continue to apply except to the extent such terms are inconsistent with the amended plan.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re )
Nick Lee Evans, ) Case No. **17-32181-pcm13**
Kimberly Lorraine Evans, ) (NOTE: If blank, Case No. will be on the Meeting of Creditors Notice)
) **2nd Amended**
) CHAPTER 13 PLAN DATED __02/24/22__ ; AND
) ☐ MOTION TO VALUE COLLATERAL (See Paragraph 2(b)(1) and (2) below);
) ☒ MOTION TO AVOID LIENS (See Paragraph 6 below)
) ☒ THIS PLAN SETS OUT NONSTANDARD PROVISIONS BEGINNING WITH
Debtor(s) ) PARAGRAPH 10

**NOTICE TO INTERESTED PARTIES: Your rights may be affected. Your claim may be modified or eliminated. You should read these papers carefully and discuss them with your attorney. If you do not have one, you may wish to consult one.**

*If you oppose the Plan* treatment of your claim or any provision of this Plan, you must file an objection to confirmation (or one must be filed on your behalf) within fourteen days after the conclusion of the meeting of creditors, unless otherwise ordered by the Bankruptcy Court or provided in a notice of amendment. See Local Bankruptcy Rule 3015-3(c). **Failure of a creditor to file a written objection to the plan shall constitute acceptance of the plan and the Bankruptcy Court may confirm the plan without further notice**. If there are any additional plan provisions or provisions that alter the language of paragraphs 1-9, they shall be outlined in paragraphs 10+ below.

1. The debtor shall pay to the trustee:

    (a) a monthly payment of $ **beginning March 2022, $224/mo** ;

    (b) all proceeds from avoided transfers, including proceeds from transfers avoided by the trustee;

    (c) upon receipt by the debtor, all tax refunds attributable to prepetition tax years and, upon receipt by the debtor, net tax refunds (i.e., tax refunds not otherwise provided for in the plan, less tax paid by debtor for a deficiency shown on any tax return for that same tax year or tax paid by setoff by a tax agency for a postpetition tax year) attributable to postpetition tax years during the: ☒ 36 months or ☐ 60 months from the date the first plan payment is due (note: refunds for the first three years of the plan are due in cases with 36 month commitment periods; refunds for all five years are due in cases with 60 month commitment periods);

    (d) a lump sum payment of $ **NA** on or before _____ (date); and

    (e) **non-exempt proceeds from personal injury claim listed in Schedule B, and proceeds from sale** .
    **or refinance of real property as outlined in paragraph 11.**
    Debtor acknowledges that if the debtor is ever more than 30 days delinquent on any payment due under section 1(a) of this plan, upon motion of the trustee granted by the court after appropriate notice, a wage deduction order to debtor's employer may be issued immediately.

2. The trustee shall disburse all funds received pursuant to paragraph 1 as follows:

    (a) First, to the trustee's percentage fee and expenses.

    (b) Second, to secured creditors as provided in (1) and (2) below. Should the trustee not have sufficient funds in trust to pay fully the disbursements listed below, disbursements of funds available shall be made pro rata. The terms of the debtor's prepetition agreement with each secured creditor shall continue to apply, except as otherwise provided in this plan or in the order confirming plan. Secured creditors shall retain their liens until payment of the underlying debt, determined under nonbankruptcy law, or discharge under §1328(a), at which time the lien shall terminate and be released by the creditor.

    (1) **Cure of Default and Claim Modification.** The debtor will cure the default and maintain the contractual installment payments (as provided in paragraph 4) on the secured claims listed below in the "Estimated Arrearage if Curing" column. The amount listed in this column is an estimate; the creditor's timely filed and allowed claim shall control. Claims provided for in the "Collateral Value if Not Paying in Full" column are allowed secured claims only to the extent of the value indicated, and pursuant to §506(a), the debtor MOVES the court for an order fixing the value of the collateral in the amount stated below. Unless a creditor timely objects to confirmation, the value of the creditor's interest in the collateral shall be limited to the amount listed below, and that amount will be paid under the plan with interest at the rate stated below.

1300.14 (12/1/16)　　　　　Page 1 of 4　　　　　[Note: Printed text may not be stricken.]

Case 17-32181-pcm13　Doc 77　Filed 03/01/22

For claims provided for in the "Estimated Secured Claim if Paying Secured Claim in Full" column, the creditor will receive the amount of the claim that is secured as set forth on the creditor's timely proof of claim, except as follows: If the claim is a "910 claim" not subject to 11 U.S.C. §506 pursuant to the hanging paragraph of 11 U.S.C. §1325(a)(9), the creditor will receive the total amount of the claim set forth on the creditor's timely proof of claim, even if that amount exceeds the secured portion of the claim.

For all creditors provided for under this subparagraph, if the creditor's claim will not be paid in full, the portion of the creditor's claim that exceeds the amount of the allowed secured claim shall be treated as an unsecured claim under paragraph 2(e) (if the claim identifies the priority position of the claim) and 2(f) below.

*Instruction to debtor(s):* Use **only one** of the following columns for each creditor: "Estimated Arrearage if Curing," **or** "Collateral Value if Not Paying in Full," **or** "Estimated Secured Claim if Paying Secured Claim in Full." All other columns must be completed.

| Creditor | Collateral | Estimated Arrearage if Curing | OR | Collateral Value if Not Paying in Full | OR | Estimated Secured Claim if Paying Secured Claim in Full | Post-confirmation Interest Rate | Monthly Plan Payment |
|---|---|---|---|---|---|---|---|---|
| US Bank Trust NA (1st) | Residence | $131,037 | | NA | | NA | 0% | * |
| Bank of NY Mellon (2nd) | Residence | $96,132 | | NA | | NA | 0% | ** |
| ODR | Residence and Personal Property | NA | | NA | | $3,179 | 9% | *** |

* Beginning March 2022, see paragraph 11
** Beginning March 2022, see paragraph 11
*** Beginning March 2022, claim filed with $0 balance owing

(2) **Secured Claim Modification Not Expressly Authorized by the Code.** This subparagraph may include, but is not limited to, modification of a claim secured by a purchase money security interest in either (1) a motor vehicle acquired for personal use by the debtor within 910 days before the bankruptcy filing date, or (2) any other personal property collateral acquired within one year before the bankruptcy filing. Secured claims provided for in this subparagraph shall be limited to the amount indicated in the "Amount of Claim as Modified (Value of Collateral)" column. The debtor MOVES the court for an order fixing the value of the collateral in the amount stated below.

**DEBTOR PROPOSES THAT THE CREDITOR(S) SPECIFICALLY IDENTIFIED BELOW ACCEPT, EITHER EXPRESSLY OR IMPLIEDLY, THE FOLLOWING TREATMENT WHICH THE COURT MIGHT NOT BE ABLE TO APPROVE ABSENT CONSENT OF CREDITOR(S). FAILURE OF A CREDITOR TO FILE A WRITTEN OBJECTION TO THIS PLAN PRIOR TO CONFIRMATION SHALL CONSTITUTE ACCEPTANCE OF THE PLAN.**

| Creditor | Collateral | Amount of Claim as Modified (Value of Collateral) | Post-confirmation Interest Rate | Monthly Plan Payment |
|---|---|---|---|---|
| None | | | | |

(3) Adequate protection payments shall be disbursed by the trustee pre-confirmation from funds on hand with the trustee in the payment amounts specified in the plan for personal property secured creditors, absent a provision in this plan or a court order providing for a different amount to be paid pre-confirmation. If the debtor fails to make a monthly payment sufficient to pay the adequate protection payments in full, the trustee will disburse the funds pro rata according to the monthly payments proposed for those creditors. Adequate protection payments paid through the trustee pre-confirmation will be deducted from the amount of the allowed claim. Unless the concerned creditor is fully secured or oversecured for purposes of §506 or §1325(a)(9), no interest shall be paid from the date of the filing of the petition to the date of confirmation unless otherwise specifically provided for in the payment provisions set forth above.

1300.14 (12/1/16)　　　　Page 2 of 4　　　　[Note: Printed text may not be stricken.]

Case 17-32181-pcm13    Doc 77    Filed 03/01/22

                       Approved

(4) Attorney Compensation: ~~Original~~ attorney fees and expenses are $ **15,893.75**, of which $ **7,550.75** remains unpaid. If debtor has agreed to an estimated rather than a fixed fee, upon application, the court in its sole discretion may award not more than $500 in addition to the above amount without further notice. Attorney fees are to be paid either: ☐ From all available funds after paragraph 2(b) payments are made; **or** ☒ Other **All attorney fees, including supplemental compensation, shall be paid from all available funds after any fixed per month payments in ¶ 2(b) are made.**

(5) The debtor shall surrender any collateral not otherwise addressed by the terms of this plan no later than upon confirmation of this plan to the following (i.e., state <u>creditor</u> NAME followed by DESCRIPTION of collateral to be surrendered. If the debtor does not have possession of the collateral, this should be indicated below):
**none**

(c) Third, pro rata until fully paid, allowed unsecured domestic support obligations under §507(a)(1).

(d) Fourth, allowed administrative expenses under §507(a)(2).

(e) Fifth, pro rata, until fully paid, to allowed priority claims in the order stated in §507(a)(3)-(10), including §1305 claims.

(f) Sixth, pro rata, to timely filed and allowed nonpriority unsecured claims, the amounts required by §1325(b)(1). These monies will be distributed in the method indicated in the section marked below [MARK ONLY **ONE**].

    (1) The creditors will receive approximately **100.00** % of their claims. Payment of any dividend will depend upon the amount of allowed secured claims, the amount of allowed priority claims (including costs of administration and the debtor's attorney's fees), and the total amount of allowed, nonpriority unsecured claims.
    (2) The creditors will receive a minimum _____ % of their claims. This percentage will not be reduced regardless of the amount of total creditors' claims filed.

(g) Pursuant to §1325(a)(4), the "best interest of creditors" number is determined to be $**2,910**, and not less than that amount shall be distributed to unsecured priority and, pro rata, non-priority creditors with timely filed and allowed claims. The total amount of allowed priority claims will reduce the amount distributed to unsecured, non-priority creditors.

(h) Pursuant to §1325(a)(4), all allowed unsecured claims shall receive interest of **0.00** % from the time of confirmation.

3. The debtor ASSUMES the following executory contracts and leases:

| Creditor | Amount of Default [State if None] | Cure Provisions |
|---|---|---|
| None | | |
| | | |
| | | |
| | | |

Those executory contracts or leases not specifically mentioned above are treated as rejected. Any timely filed and allowed claim arising from rejection shall be treated under paragraph 2(f). The debtor will pay all assumed executory contracts and leases directly, including amounts required to cure. The debtor shall surrender any property covered by rejected executory contracts or leases to the affected creditor no later than upon confirmation of this plan.

4. The debtor shall pay directly to each of the following creditors, whose debts are either fully secured or are secured only by a security interest in real property that is the debtor's principal residence, the regular payment due post-petition on these claims in accordance with the terms of their respective contracts, list any pre-petition arrearages in paragraph 2(b)(1) and/or specify any other treatment of such secured creditor(s) in an additional paragraph at the end of this plan:
**US Bank Trust NA (Residence - first mortgage)**
**Bank of NY Mellon (Residence - second mortgage)**

5. Subject to the provisions of §502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order.
6. The debtor MOVES, pursuant to §522(f)(1), to avoid the judicial liens and/or non-purchase money security interests of

1300.14 (12/1/16)                                 Page 3 of 4                                [Note: Printed text may not be stricken.]

Case 17-32181-pcm13    Doc 77    Filed 03/01/22

the following creditors because they impair an exemption(s) of the debtor:
Capital One

Absent objection from a creditor, the order of confirmation will avoid its lien and its claim will be treated in paragraph 2(f).

7. The applicable commitment period of this plan is ☒36 or ☐60 months. Debtor(s) shall make plan payments for the length of the commitment period unless the debtor(s) first pay 100% of all allowed claims with appropriate interest. If the commitment period is 36 months, the plan payments may continue for a longer period, not to exceed 60 months, as necessary to complete required payments to creditors. The approximate length of the plan is __84__ months; cause to extend longer than 36 months is as follows: secured debt.
Plan extended to 84 months as outlined in paragraph 13.

8. This plan may be altered post-confirmation in a non-material manner by court order after notice to the debtor, the trustee, any creditor whose claim is the subject of the modification and any interested party who has requested special notice.

9. Debtor Certification. Debtor(s) certifies that the petition was filed in good faith, and this plan was proposed in good faith and not by any means forbidden by law. Debtor(s) further certifies that all postpetition domestic support obligations have been paid in full on the date of this plan and will be paid in full at the time of the confirmation hearing.

**ADDITIONAL NONSTANDARD PROVISIONS** (separately number below or on attachment(s), beginning with 10):
Please see Addendum.


| /s/ Megan Rickert for Nick Evans | /s/ Megan Rickert for Kimberly Evans |
|---|---|
| DEBTOR | DEBTOR |

**CERTIFICATE OF SERVICE on Creditors/Parties Treated in Paragraphs 2(b)(1)** (under the "Collateral Value if Not Paying in Full" column), 2(b)(2) (under the "Amount of Claim as Modified" column), 3, and 6 (see FRBP 3012, 4003(d), and 9014, and LBR 6006-1(b)). I certify that copies of this plan and the notice of hearing to confirm this plan were served as follows:

a) For <u>creditors/parties who are **not** Insured Depository Institutions (served by court)</u> (see FRBP 7004(b)), I either listed the creditors/parties in the mailing list filed with the court exactly as follows, OR, on (insert date) __03/01/22__, I served the above-documents by first-class mail to the creditors/parties at the names and addresses exactly as follows (list each creditor/party, the person or entity the creditor/party was served through, and the address):
SN Servicing Corporation, c/o Corporation Service Company, 1127 Broadway Street NE STE 310, Salem, OR 97301
Seterus, Inc.,, c/o CT Corporation System, RA, 388 State St., #420, Salem OR 97301
ODR, Ellen Rosenblum, Atty. Gen., Oregon Department of Justice, 1162 Court Street NE, Salem OR 97301-4096

b) For <u>Insured Depository Institutions</u> (see FRBP 7004(h)), on (insert date) __03/01/22__, I served the above-documents by certified mail, or by other authorized means (specify), at the name and address exactly as follows (list each insured depository institution, the person or entity the institution was served through, and the address):
Bank of America NA, c/o Brian T. Moynihan, CEO, 100 N. Tryon St., Charlotte NC 28202 - CERTIFIED MAIL
US Bank Trust National Association, c/o Andrew Cecere, CEO ,U.S. Bancorp Center, 800 Nicollet Mall, Minneapolis, MN 55402-7014 - CERTIFIED MAIL
Capital One Bank, c/o Richard D. Fairbank, CEO, 1680 Capital One Dr., Mc Lean VA 22102 - CERTIFIED MAIL
The Bank of New York Mellon, c/o Charles W. Scharf, CEO, 225 Liberty St., New York NY 10286 - CERTIFIED MAIL

/s/ Megan Rickert (136404) for
__Todd Trierweiler OSB 853481__
DEBTOR OR DEBTOR'S ATTORNEY

1300.14 (12/1/16)                    Page 4 of 4                    [Note: Printed text may not be stricken.]

Case 17-32181-pcm13    Doc 77    Filed 03/01/22

In re Evans, 17-32181-pcm13
Addendum to 2nd Amended Chapter 13 Plan dated 2/24/22

10. Notwithstanding the provisions of Paragraph 1(c) of this Plan, Debtors) shall not be required to pay any Earned Income Credits funds to the Trustee during the life of the Plan.

11. The Debtors shall sell or refinance their real property at 49700 SE Wildcat Mountain Drive, Sandy, Oregon, not later than January 31, 2024, and shall pay to the Trustee from the proceeds at closing, funds sufficient to pay all creditors secured by the subject property remaining in the plan. Secured creditors are US Bank Trust NA and Bank of America. Debtors shall also pay to the Trustee for distribution through the Plan, non-exempt proceeds to the extent required by the Trustee's payoff quote. The Debtors shall obtain the Trustee's permission prior to any sale or refinance and to obtain that permission, provide copies to the Trustee of a preliminary closing statement and title report. The Debtors shall provide the Trustee with a copy of the final closing statement within 15 days following the close of the sale or refinance.

12. Pursuant to Section 1329(d) of the Bankruptcy Code, Debtor elects to extend this Chapter 13 plan to a maximum of 84 months due to the following material financial hardship caused by the COVID-19 pandemic: Debtor's hours have decreased due to the pandemic, so he has not earned as much as in pre-pandemic years. The pandemic has also caused debtors' household expenses to increase, specifically grocery and gasoline expenses. The decreased income and increased expenses have caused debtors to get behind on their post-petition mortgage payments. This extension applies only to the length of the plan term. The plan's applicable commitment period pursuant to Section 1325(b) remains the same.

13. This plan is prospective only and shall not alter or affect the Debtors' obligations under any previously confirmed plan.

DocuSign Envelope ID: 3693664E-1572-400A-87A1-CA98058462BF

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Nick Lee Evans** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Kimberly Lorraine Evans** | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: DISTRICT OF OREGON-CH.13

Case number: 17-32181
(if known)

■ Check if this is an amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1: Summarize Your Assets

| | Your assets<br>Value of what you own |
|---|---|
| 1. **Schedule A/B: Property** (Official Form 106A/B)<br>1a. Copy line 55, Total real estate, from Schedule A/B............................................. | $ 493,000.00 |
| 1b. Copy line 62, Total personal property, from Schedule A/B................................... | $ 133,928.00 |
| 1c. Copy line 63, Total of all property on Schedule A/B.............................................. | $ 626,928.00 |

### Part 2: Summarize Your Liabilities

| | Your liabilities<br>Amount you owe |
|---|---|
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)<br>2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of Schedule D... | $ 505,833.00 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)<br>3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of Schedule E/F............... | $ 609.00 |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of Schedule E/F............ | $ 430.00 |
| **Your total liabilities** | $ 506,872.00 |

### Part 3: Summarize Your Income and Expenses

| | |
|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of Schedule I............................................. | $ 6,197.00 |
| 5. *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of Schedule J............................................. | $ 5,973.00 |

### Part 4: Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ■ Yes

7. **What kind of debt do you have?**

   ■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to

Official Form 106Sum    Summary of Your Assets and Liabilities and Certain Statistical Information    page 1 of 2
Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 17-32181-pcm13    Doc 77    Filed 03/01/22

8. From the *Statement of Your Current Monthly Income:* Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.    $ 3,876.00

9. Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ 609.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ 609.00 |

**Fill in this information to identify your case:**

Debtor 1: Nick Lee Evans
Debtor 2 (Spouse, if filing): Kimberly Lorraine Evans
United States Bankruptcy Court for the: DISTRICT OF OREGON-CH.13
Case number (If known): 17-32181

Check if this is:
☒ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date: 2/24/2022 MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

   | | Debtor 1 | Debtor 2 or non-filing spouse |
   |---|---|---|
   | Employment status | ☒ Employed ☐ Not employed | ☐ Employed ☒ Not employed |
   | Occupation | Construction | Disabled |
   | Employer's name | Bud Bellamy & Son | |
   | Employer's address | 2053 S.E. First Street Gresham, OR 97080 | |
   | How long employed there? | 40 years | |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| 2. List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 5,640.00 | $ 0.00 |
| 3. Estimate and list monthly overtime pay. | +$ 0.00 | +$ 0.00 |
| 4. Calculate gross Income. Add line 2 + line 3. | $ 5,640.00 | $ 0.00 |

DocuSign Envelope ID: 3693664E-1572-400A-87A1-CA98058462BF

Debtor 1 **Nick Lee Evans**
Debtor 2 **Kimberly Lorraine Evans**                                    Case number (if known) **17-32181**

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
|  | Copy line 4 here | 4. | $ 5,640.00 | $ 0.00 |
| 5. | List all payroll deductions: |  |  |  |
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 1,132.00 | $ 0.00 |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| 5e. | Insurance | 5e. | $ 0.00 | $ 0.00 |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| 5g. | Union dues | 5g. | $ 0.00 | $ 0.00 |
| 5h. | Other deductions. Specify: AFLAC | 5h.+ | $ 34.00 + | $ 0.00 |
|  | Delaware Investment |  | $ 217.00 | $ 0.00 |
| 6. | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 1,383.00 | $ 0.00 |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ 4,257.00 | $ 0.00 |
| 8. | List all other income regularly received: |  |  |  |
| 8a. | Net income from rental property and from operating a business, profession, or farm. Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| 8b. | Interest and dividends | 8b. | $ 0.00 | $ 0.00 |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive. Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | Unemployment compensation | 8d. | $ 0.00 | $ 0.00 |
| 8e. | Social Security | 8e. | $ 0.00 | $ 1,940.00 |
| 8f. | Other government assistance that you regularly receive. Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | $ 0.00 |
| 8g. | Pension or retirement income | 8g. | $ 0.00 | $ 0.00 |
| 8h. | Other monthly income. Specify: | 8h.+ | $ 0.00 + | $ 0.00 |
| 9. | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 0.00 | $ 1,940.00 |
| 10. | Calculate monthly income. Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 4,257.00 + $ 1,940.00 = | $ 6,197.00 |

11. State all other regular contributions to the expenses that you list in *Schedule J*.
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: _____    11.  +$  0.00

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and *Related Data*, if it applies    12. $ 6,197.00

Combined monthly income

13. Do you expect an increase or decrease within the year after you file this form?
    ■ No.
    ☐ Yes. Explain: Debtor's occupation is seasonal; hours and wages fluctuate depending on the weather. Wages based on 40 hours/week @ $29.25/hour and 3 hours/week of overtime @ $43.88/hour. Co-debtor's income is net SSD benefit/mo.

Official Form 106I        Schedule I: Your Income        page 2

Fill in this information to identify your case:

Debtor 1: Nick Lee Evans

Debtor 2: Kimberly Lorraine Evans
(Spouse, if filing)

United States Bankruptcy Court for the: DISTRICT OF OREGON-CH.13

Case number: 17-32181
(If known)

Check if this is:
■ An amended filing
■ A supplement showing postpetition chapter 13 expenses as of the following date:
2/24/2022
MM / DD / YYYY

Official Form 106J
# Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. Is this a joint case?

   ☐ No. Go to line 2.

   ■ Yes. Does Debtor 2 live in a separate household?

   ■ No

   ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. Do you have dependents?  ■ No

   Do not list Debtor 1 and Debtor 2.     ☐ Yes. Fill out this information for each dependent...

   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | | | ☐ No ☐ Yes |
   | | | ☐ No ☐ Yes |
   | | | ☐ No ☐ Yes |
   | | | ☐ No ☐ Yes |

3. Do your expenses include expenses of people other than yourself and your dependents?  ■ No  ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.    4. $ 1,792.00

   If not included in line 4:

   4a. Real estate taxes                                    4a. $ 0.00
   4b. Property, homeowner's, or renter's insurance         4b. $ 0.00
   4c. Home maintenance, repair, and upkeep expenses        4c. $ 0.00
   4d. Homeowner's association or condominium dues          4d. $ 0.00
5. Additional mortgage payments for your residence, such as home equity loans   5. $ 965.00

DocuSign Envelope ID: 3693664E-1572-400A-87A1-CA98058462BF

Debtor 1 **Nick Lee Evans**
Debtor 2 **Kimberly Lorraine Evans**

Case number (if known) **17-32181**

6. **Utilities:**
   - 6a. Electricity, heat, natural gas — 6a. $ 200.00
   - 6b. Water, sewer, garbage collection — 6b. $ 40.00
   - 6c. Telephone, cell phone, Internet, satellite, and cable services — 6c. $ 400.00
   - 6d. Other. Specify: **Propane & Pellets** — 6d. $ 200.00
7. **Food and housekeeping supplies** — 7. $ 625.00
8. **Childcare and children's education costs** — 8. $ 0.00
9. **Clothing, laundry, and dry cleaning** — 9. $ 138.00
10. **Personal care products and services** — 10. $ 63.00
11. **Medical and dental expenses** — 11. $ 200.00
12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. — 12. $ 400.00
13. **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. $ 0.00
14. **Charitable contributions and religious donations** — 14. $ 0.00
15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20.
    - 15a. Life insurance — 15a. $ 200.00
    - 15b. Health insurance — 15b. $ 350.00
    - 15c. Vehicle insurance — 15c. $ 400.00
    - 15d. Other insurance. Specify: — 15d. $ 0.00
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: — 16. $ 0.00
17. **Installment or lease payments:**
    - 17a. Car payments for Vehicle 1 — 17a. $ 0.00
    - 17b. Car payments for Vehicle 2 — 17b. $ 0.00
    - 17c. Other. Specify: — 17c. $ 0.00
    - 17d. Other. Specify: — 17d. $ 0.00
18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** — 18. $ 0.00
19. **Other payments you make to support others who do not live with you.** Specify: — 19. $ 0.00
20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**
    - 20a. Mortgages on other property — 20a. $ 0.00
    - 20b. Real estate taxes — 20b. $ 0.00
    - 20c. Property, homeowner's, or renter's insurance — 20c. $ 0.00
    - 20d. Maintenance, repair, and upkeep expenses — 20d. $ 0.00
    - 20e. Homeowner's association or condominium dues — 20e. $ 0.00
21. **Other:** Specify: — 21. +$ 0.00

22. **Calculate your monthly expenses**
    - 22a. Add lines 4 through 21. — $ 5,973.00
    - 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 — $
    - 22c. Add line 22a and 22b. The result is your monthly expenses. — $ 5,973.00

23. **Calculate your monthly net income.**
    - 23a. Copy line 12 *(your combined monthly income)* from Schedule I. — 23a. $ 6,197.00
    - 23b. Copy your monthly expenses from line 22c above. — 23b. -$ 5,973.00
    - 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. — 23c. $ 224.00

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
    - ■ No.
    - ☐ Yes. Explain here:

Case 17-32181-pcm13    Doc 77    Filed 03/01/22

DocuSign Envelope ID: 3693664E-1572-400A-87A1-CA98058462BF

## Fill in this information to identify your case:

**Debtor 1**: Nick Lee Evans
**Debtor 2** (Spouse if, filing): Kimberly Lorraine Evans
United States Bankruptcy Court for the: DISTRICT OF OREGON-CH.13
Case number (if known): 17-32181

■ Check if this is an amended filing

Official Form 106Dec
# Declaration About an Individual Debtor's Schedules
12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

■ No
☐ Yes. Name of person _____ Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X /s/ Nick Evans
   —D98CC2CADB91492...
   **Nick Lee Evans**
   Signature of Debtor 1
   Date _____

X /s/ Kimberly Evans
   —D98CC2CADB91492...
   **Kimberly Lorraine Evans**
   Signature of Debtor 2
   Date 2/28/2022

---

Official Form 106Dec        Declaration About an Individual Debtor's Schedules

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

| Label Matrix for local noticing | Internal Revenue Service | MTGLQ Investors, L.P. |
|---|---|---|
| 0979-3 | Centralized Insolvency Operation | c/o Selene Finance LP |
| Case 17-32181-pcm13 | P.O. Box 7346 | 9990 Richmond Avenue, Suite 400 South |
| District of Oregon | Philadelphia, PA 19101-7346 | Houston, TX 77042-4546 |
| Portland | | |
| Tue Mar  1 08:19:11 PST 2022 | | |
| ODR Bkcy | (p)PORTFOLIO RECOVERY ASSOCIATES LLC | THE BANK OF NEW YORK MELLON |
| 955 Center St NE | PO BOX 41067 | c/o Bank of America, N.A. |
| Salem OR 97301-2555 | NORFOLK VA 23541-1067 | P.O. Box 31785 |
| | | Tampa, FL 33631-3785 |

U.S. Bank Trust National Association, as Tru
C/O SN Servicing Corp.
323 5th Street
Eureka, CA 95501-0305

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| Portfolio Recovery Associates, LLC | (d)Portfolio Recovery Associates, LLC | End of Label Matrix | |
|---|---|---|---|
| c/o Jc Penney | c/o Woman Within | Mailable recipients | 6 |
| POB 41067 | POB 41067 | Bypassed recipients | 0 |
| Norfolk VA 23541 | Norfolk VA 23541 | Total | 6 |